1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      JARVON D. GREEN,                              No.  2:22-cv-0719 CKD P

12                      Plaintiff,

13              v.                                     ORDER

14      GOMEZ, et al.,

15                      Defendants.

16

17            Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18      1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19      636(b)(1).

20            Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21      declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23      1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24      initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25      Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26      month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27      /////

28      /////

                                                      1

1    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15        In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

24   the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

25   construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26   U.S. 232, 236 (1974).

27   /////

28   /////

2

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

First, it appears plaintiff has not exhausted administrative remedies with respect to his claims.  Plaintiff is informed that under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Plaintiff alleges defendants are responsible for the fact that he was attacked by other inmates.  Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted).   However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.  A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837.  Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted).  To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

If plaintiff chooses to amend the complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations made against prison officials simply because they act in a supervisory role are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). /////

1       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

2  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3  complaint be complete in itself without reference to any prior pleading.  This is because, as a

4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8       In accordance with the above, IT IS HEREBY ORDERED that:

9       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

10       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

11  shall be collected and paid in accordance with this court's order to the Director of the California

12  Department of Corrections and Rehabilitation filed concurrently herewith.

13       3.  Plaintiff's complaint is dismissed.

14       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

15  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

16  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

17  number assigned this case and must be labeled "Amended Complaint."  Failure to file an

18  amended complaint in accordance with this order will result in a recommendation that this action

19  be dismissed.

20  Dated:  August 19, 2022

21

22              CAROLYN K. DELANEY
                UNITED STATES MAGISTRATE JUDGE

23

24

25  1
  gree0719.14

26

27

28

4