UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN, | No. 2:22-cv-0719 CKD P |
| Plaintiff, | |
| v. | ORDER |
| GOMEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On August 19, 2022, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

/////

If plaintiff chooses to amend, plaintiff must submit a second amended complaint that is legible. Some key parts of plaintiff's amended compliant are impossible to decipher. Also, plaintiff's amended complaint is mostly vague and conclusory. In terms of stating a claim upon which relief can be granted, plaintiff must identify specific actions taken by a particular defendant that led to a discernable injury suffered by him. As plaintiff has already been informed, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).

Plaintiff alleges that defendants are responsible for him being attacked by other inmates. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only when the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted). To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff also asserts that defendants retaliated against him for plaintiff's use of the inmate grievance procedure. In order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Plaintiff cannot simply assert he utilized the grievance process and then something adverse happened to him.

Further, plaintiff asserts that he was improperly found guilty at prisoner disciplinary proceedings. Any challenge to prisoner disciplinary proceedings which resulted in the revocation

2

of good conduct sentence credit must be brought in a petition for writ of habeas corpus and not a 42 U.S.C. § 1983 action unless the revoked sentence credit has been restored. See Edwards v. Balisok, 520 U.S. 641, 646-47 (1996). In order to state a cognizable claim for violation of due process during prisoner disciplinary proceeding which did not result in the revocation of good conduct sentence credit, plaintiff must allege facts which suggest that he was deprived of a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

While it is not clear, it appears that plaintiff also challenges the denial of parole. When a state prisoner challenges the legality of his custody, and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Also, to the extent plaintiff seeks damages for having been denied parole, plaintiff is informed he cannot proceed on a § 1983 claim for damages if the claim implies the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear

/////

/////

/////

the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 6, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gree0719.14(2)